# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00118-MR-DLH-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| WILSON WILDE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Leave to File Motion for Variance and Defendant's Memorandum at Sentencing Under Seal [Doc. 80], as amended [Doc. 81].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum under seal in this case. For grounds, counsel states that the memorandum includes information concerning the Defendant's cooperation with law enforcement in several ongoing investigations. [Docs. 80, 81].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, the defendant is still required to file in the public record a redacted sentencing memorandum with only those portions that are allowed to be sealed having been redacted. See id. at 491-92.

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on September 17, 2018, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has recently addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a sentencing memorandum in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. Here, portions of the Defendant's Memorandum contain references to the Defendant's cooperation. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family

2

members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. at 492. Here, the Defendant's Memorandum contains the identities of and information regarding his family members and other pertinent individuals. However, the nature of those adult relationships are central to Defendant's arguments. The Memorandum also contains personal information regarding the Defendant's background and history of substance abuse. But this, again, is central to Defendant's argument supporting a time-served sentence, and should be accessible to the public.

Here, the Defendant has demonstrated that the Memorandum contains information regarding his cooperation, and the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. However, the information regarding the relationships to the Defendant, as well as his background and history of substance abuse, are central to the argument the Defendant presents in favor of the relief sought. Therefore, the public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant and the other involved persons.

Having considered less drastic alternatives to sealing the Defendant's Memorandum, the Court concludes that less drastic alternatives to wholesale sealing of the Defendant's Memorandum are feasible.

Accordingly, the Defendant's Motion to Seal Sentencing Memorandum is granted in part and denied in part, and counsel shall be permitted to file the Sentencing Memorandum [Doc. 82] under seal. However, the Defendant shall also file a publicly accessible version of the Sentencing Memorandum redacting only those portions containing information concerning the Defendant's cooperation, which are found in the last sentence on page 1 and all of page 2 of the Memorandum.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Leave to File Motion for Variance and Defendant's Memorandum at Sentencing Under Seal [Doc. 80], as amended [Doc. 81], is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's Motion to Seal is **GRANTED** to the extent that the Sentencing Memorandum [Doc. 82] shall be filed under seal and shall remain under seal until further Order of the Court. The Defendant's Motion to Seal [Doc. 80], as amended [Doc. 81], is **DENIED** to the extent that the Defendant shall file a redacted version of the Sentencing Memorandum on the public docket prior to the sentencing hearing in this matter.

**IT IS SO ORDERED.**

Signed: October 2, 2018

Martin Reidinger
United States District Judge